[Civ. No. 432. Fourth Appellate District.—August 11, 1930.]

ROY C. HIDY, Respondent, v. A. W. MORTON, Appellant.

A. Schoonover and E. V. Winnek for Appellant.

Dwight D. Bell for Respondent.

BARNARD, J.—This is an action by a real estate broker for a commission. On September 19, 1927, the defendant signed a written proposition to exchange a piece of real property owned by him in San Diego upon certain stated terms, for another piece of real property in San Diego owned by W. B. Tyrrell. This instrument contained a provision authorizing the plaintiff herein to act as agent in negotiating said exchange, agreeing to complete the deal if said agent secured an acceptance of the proposition and further agreeing to pay the agent the sum of one thousand dollars as a commission for his services, when such an acceptance was secured. It was further agreed that a failure on the part of defendant to fulfill the agreement should not release him from the payment of the commission. Attached to this proposal was an acceptance of the proposition, prepared for the signature of the other party, Tyrrell. During the next day the plaintiff secured the consent of Tyrrell to the proposition, and obtained his signature to the attached acceptance. That same day the plaintiff told the defendant over the phone that he had secured this acceptance, and no objection being made by the defendant, an appointment was made to meet the next morning at the office of a title company. At this meeting defendant asked to see the agreement. Upon being handed the same, he glanced over it, crumpled it up and shoved it into his pocket, saying he was not going to complete the deal at that time; that he did not like the tenant in the property he was getting; but that he might make the deal later on. The deal not being made, plaintiff demanded his commission, and this action followed. Judgment went for the plaintiff and the defendant has appealed.

The only point raised by appellant is that the several findings of the court are not sustained by the evidence; all of these specifications of error being based upon one proposition, which apparently was the only defense raised at the trial, namely, the contention that the agreement and proposition of exchange was never delivered to the respondent by the appellant. The record shows that appellant testified that when he signed the agreement the respondent picked it up and kept it two days; that at the time respondent took possession of the contract he did so without the witness'

consent; and that immediately after he took it, appellant asked him to return it. In explanation of this, he testified that he expected to sign the document and retain it until the respondent secured a three-year lease from the tenant who was in possession of the property he was trading for, with a mortgage on the furniture in the house to secure such lease. With reference to what occurred at the time the paper was signed, appellant's wife testified as follows:

"A. Well, as near as I can—I had nothing to do with it, only that I was there and read the contract and then Mr. Morton said to me 'Shall I sign this?' and I said 'If you think it is all right, and that it will be all right by signing it,' and then Mr. Morton signed it and Mr. Hidy took it.

"The Court: How did he take it—from whom did he take it?

"A. He took it off the table.

"The Court: It was lying on the table?

"A. Yes sir.

"The Court: What did he do with it then?

"A. He took it and Mr. Morton asked him, requested him to leave it there until he would produce the mortgage and lease. He demanded it and Mr. Hidy said he would take it and get the other papers, that he would have to have that to start something with, and then he would get the other papers. That is all I know about it. Mr. Hidy went and as to the other, I know nothing about it, I wasn't there."

The respondent testified that the appellant signed the paper and handed it to him, that he picked it up, folded it, and left.

Nothing more is here presented than a conflict in the evidence. A careful reading of all of the evidence in behalf of the appellant would indicate that if appellant did request respondent to leave the paper there until the mortgage and lease were produced, this request was made after the paper had been signed and respondent had taken possession of it. The court may well have doubted all of appellant's evidence on the question of delivery, because of the unusual claim of appellant that he did not intend to deliver the instrument until after he had secured certain papers, which in the natural course of events he would not expect to obtain until after the proposition had been accepted by

the other party. In the ordinary course of events the respondent would have to have possession of the instrument before he could secure an acceptance from the other party to the deal. The fact that he asked his wife for her approval indicates that at the time he intended his signature to have some effect, and that he fully understood what the effect would be. In addition, there is respondent's evidence that the paper was delivered; that no objection was made when he informed appellant that he had secured the acceptance of the other party; that the paper was later secured by appellant by subterfuge; and that immediately thereafter he was told by appellant that he would not complete the deal.

There is sufficient evidence to support the findings of the trial court and the judgment is therefore affirmed.

Cary, P. J., and Ames, J., *pro tem.,* concurred.